UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KOJUVONA A. TELFAIR AND MILTON C. SINGLETON JR.** | CIVIL ACTION |
| **VERSUS** | NO: 26-00110 |
| **SELECT PORTFOLIO SERVICING, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR THE BENEFIT OF THE FREDDIE MAC SEASONED LOANS STRUCTURED TRANSACTION TRUST, SERIES 2019-1** | SECTION: T (5) |

## ORDER AND REASONS

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 9) filed by Plaintiffs, Kojuvona Telfair and Milton Singleton, Jr. Defendants, Select Portfolio Servicing, Inc. ("SPS") and Federal Home Loan Mortgage Corporation, as Trustee for the Benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-1 ("FHLMC"), have filed a response in opposition to the Motion. R. Doc. 13. Plaintiffs did not file a reply in support of their Motion, and the matter is now submitted to the Court. Having reviewed the briefs, the record, and the applicable law, the Court will **DENY** Plaintiffs' Motion for the reasons set forth below.

## I. BACKGROUND

This action stems from Plaintiffs' allegations that Defendants have engaged in systematic misconduct in the servicing and collection of the mortgage on Plaintiffs' immovable property located at 50 Tuscany Drive, LaPlace, Louisiana 70068 (the "Property"). R. Doc. 1-2, p. 11. Named defendants in the suit are Select Portfolio Servicing, Inc. ("SPS"), a Utah corporation that

1

Plaintiffs allege is the servicer of the mortgage in question, and Federal Home Loan Mortgage Corporation, as Trustee for the Benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-1 ("FHLMC"), which Plaintiffs allege is the investor of the mortgage.[1] *Id.* at p. 16.

On December 5, 2005, Plaintiffs executed a promissory note in favor of America's Mortgage Resource, Inc. in the amount of $148,227.00. R. Doc. 11-3, p. 2 (citing R. Doc 11-1, pp. 11-13). This note was secured by a mortgage on the Property. *Id.* (citing R. Doc. 11-1, pp. 14-30). Plaintiffs allege that in November 2018, "Ms. Telfair sustained a serious work-related injury" that has placed her on workers' compensation and caused a long-term reduction in household income. R. Doc. 1-2, p. 23. A modification to the note and mortgage, effective January 1, 2022, "re-set the principal balance to $172,829.13, of which $17,780.20 was deferred, reduce[d] the principal and interest payment amounts, reduce[d] the interest rates, and extend[ed] the maturity date of the loan." R Doc. 11-3, pp. 2-3 (citing R. Doc. 11-1, pp. 35-38).

On March 25, 2025, SPS issued a Notice of Default and Right to Cure to Plaintiffs. R. Doc. 1-2, p. 25. This Notice informed Plaintiffs that the note was in default and that they must pay $30,573.67 to cure the default before April 27, 2025. R. Doc. 11-1, pp. 39-42. On June 18, 2025, SPS notified Plaintiffs that the mortgage had been referred to counsel for legal action. R. Doc. 1-2, p. 25.

On September 18, 2025, Defendant FHLMC instituted an action for executory process against Plaintiffs in the 40th Judicial District Court for the Parish of St. John the Baptist. R. Doc. 11-3, p. 3 (citing R. Doc. 11-1, pp. 2-6). The state court promptly granted FHLMC's petition,

---

[1] The Notice of Default sent by SPS to Plaintiffs states that SPS "services [the] mortgage loan" and identifies FHLMC as the "Noteholder on [the] loan." R. Doc. 11-1, p. 39.

entering an order of executory process and "directing the Sheriff of St. John the Baptist Parish to seize, and . . . sell for cash with benefit of appraisement, [the Property] to enforce [FHLMC]'s claim." R. Doc. 11-1, pp. 7-8. A sheriff's sale of the Property is presently scheduled for February 25, 2026. R. Doc. 9, p. 3. Defendants contend that "Plaintiffs have not filed any objections or responsive pleadings" in the state foreclosure action. R. Doc. 13, p. 2.

Instead, Plaintiffs have filed the instant suit as a separate action. Plaintiffs, proceeding pro se, filed their initial Complaint for Wrongful Foreclosure in the 40th Judicial District Court for the Parish of St. John the Baptist on November 3, 2025. R. Doc. 1-2, p. 6. In the complaint, Plaintiffs allege that Defendants SPH and FHLMC violated a series of state and federal laws.[2] *See id.* at pp. 12-15. Plaintiffs claim that as a result of Defendants' actions and omissions, they "have suffered harm including emotional anguish, reputational injury, legal fees, costs, and the threat of irreparable loss of property." *Id.* at p. 28. Along with damages and other relief, Plaintiffs seek injunctive relief enjoining Defendants from the following:

    a.  Proceeding with any foreclosure sale, unlawful eviction, or transfer of title for [the Property], unless and until full compliance with all applicable laws is demonstrated;

    b.  Charging or collecting any default-related fees, advances, legal costs, or penalties during the pendency of this action or in connection with the challenged foreclosure;

    c.  Communicating derogatory or inaccurate credit data to Equifax, Experian, TransUnion, or any third-party entities unless and until the mortgage account

---

[2] Specifically, Plaintiffs assert state law claims for wrongful foreclosure under the Louisiana Consumer Credit Law, La. R.S. § 9:3510 et seq. ("LCCL"); the Louisiana Unfair Trade Practices Act, La. R.S. § 51:1401 et seq. ("LUTPA"); Louisiana Civil Code Articles 1759, 1983, and 2315; as well as Chapter 26 of the St. John the Baptist Parish Code of Ordinances. R. Doc. 1-2, pp. 12-15. They also assert that Defendants violated the following federal laws: the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 et seq. ("RESPA"); RESPA's implementing regulation, 12 C.F.R. § 1024.35-1024.41 ("Regulation X"); the HUD/FHA loss mitigation requirements of 24 C.F.R. § 203.501-203.606; and the Fair Debt Collection Practices Act ("FDCPA"). *Id.* "Plaintiffs seek a permanent, court-ordered restructuring of their home loan—including a lower fixed interest rate and affordable monthly payment—without any further trial period or servicer-administered review, in order to preserve their homestead and prevent irreparable harm." *Id.* at p. 7.

has been audited and corrected.

R. Doc. 1-3, pp. 13-19.

Defendants removed the action to this Court on January 16, 2026, asserting federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as well as diversity subject matter jurisdiction under 28 U.S.C. § 1332. R. Doc. 1, pp. 1-12. Plaintiffs subsequently filed a Motion to Remand (R. Doc. 8), a Motion to Stay Federal Proceedings (R. Doc. 10), and the instant Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 (R. Doc. 9), seeking to enjoin the forthcoming Sheriff's sale of the Property. The Motions to Remand and to Stay Federal Proceedings (R. Docs. 8 & 10) remain pending and have not yet been submitted for decision.[3] Pursuant to the Court's briefing order, Defendants responded to the Motion for Temporary Restraining Order and Preliminary Injunction, arguing that Plaintiffs' Motion must be denied because (1) it asserts vague and conclusory allegations that "fail to specifically allege any facts to show a likelihood of success on the merits" and (2) the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the granting of an injunction to stay the state court foreclosure action. R. Doc. 13, pp. 1-2.

## II. LAW and ANALYSIS

Rule 65 of the Federal Rules of Civil Procedure provides that a district court "may issue a temporary restraining order without written or oral notice to the adverse party only if (a) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it

---

[3] Although Plaintiffs' Motion to Remand remains pending, this Court nevertheless retains jurisdiction to address the instant Motion for Temporary Restraining Order and Preliminary Injunction.

should not be required." Fed. R. Civ. P. 65(b)(1). A preliminary injunction may only be issued "on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

"Temporary restraining orders and preliminary injunctions are extraordinary forms of relief and require plaintiffs to carry an onerous burden." *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. CV 17-491, 2020 WL 10486334, at *4 (E.D. La. Oct. 16, 2020) (quoting *Scott v. S. Elec. Supply Co.*, No. 3:13-CV-119, 2013 WL 12108746, at *1 (N.D. Miss. May 14, 2013) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 785 (S.D. Miss. 2011))). "Temporary restraining orders function to preserve the status quo by preventing irreparable harm until the preliminary injunction hearing." *Id.* (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

It is well-settled that to obtain a temporary restraining order, the movant must demonstrate all four of the following elements: (1) a substantial likelihood of prevailing on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted, and (4) the injunction will not disservice the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). A temporary restraining order is not warranted when the movant fails to demonstrate irreparable injury. *See, e.g.*, *Sanders v. Nat'l Missionary Baptist Convention of Am.*, No. CV 12-2404, 2012 WL 12874264, at *1 (E.D. La. Oct. 3, 2012). "Ultimately, temporary restraining orders are extraordinary relief and are rarely issued." *Id.* (citing *Treen v. Brown*, No. 10-3359, 2010 WL 4027714, at *1 (E.D. La. Oct. 13, 2010)) (internal quotation marks omitted). The decision to grant or deny a temporary restraining order, like that of a preliminary injunction, is within the sound discretion of the district court. *See Miss. Power & Light Co. v.*

*United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "The party requesting a temporary restraining order must clear the high hurdle of demonstrating that it meets the requirements of Rule 65(b) and the four-element standard." *Cajun Servs. Unlimited*, 2020 WL 10486334, at *4.

Here, Plaintiffs seek an order enjoining and restraining Defendants "from taking any step to conduct, facilitate, notice, advertise, schedule, hold, bid, adjudicate, confirm, finalize, record, or consummate any sheriff's sale or foreclosure sale of [the Property]." R. Doc. 9, p. 2. Before conducting an analysis of the four-element standard, the Court will consider, as a threshold matter, whether the Anti-Injunction Act, 28 U.S.C. § 2283 ("AIA") applies to the relief sought. As recently recognized by another section of this Court,

> The AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Act "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990). These exceptions are each construed narrowly and should not be broadened by "loose statutory construction." *Gibbs v. Lufkin Indus., Inc.*, 487 Fed. App'x. 916, 919 (5th Cir. 2012). As to the "necessary in aid of jurisdiction" exception, courts have found that it applies "only where a state proceeding threaten[s] to dispose of property that form[s] the basis for federal in rem jurisdiction or where the state proceeding threaten[s] the continuing superintendence by a federal court." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

*Winch v. Freedom Mortg. Corp.*, No. CV 25-2469, 2026 WL 205630, at *3-4 (E.D. La. Jan. 27, 2026) (quoting *Glass v. Finley*, No. CV 19-1216, 2019 WL 13172344, at *2 (W.D. La. Sept. 17, 2019)).

Here, Defendants argue that the injunctive relief sought by Plaintiffs—an order barring Defendants from proceeding in a state court foreclosure action—would have the effect of staying

a pending state court proceeding and is therefore barred by the AIA. R. Doc. 13, pp. 4-5. Plaintiffs, on the other hand, contend that the "necessary in aid of jurisdiction" exception to the AIA applies in this case. R. Doc. 9, pp. 8-9. In support, they argue that allowing the sheriff's sale to proceed would "irreversibly alter the status quo and materially impair this Court's ability to adjudicate Plaintiffs' pending remand motion and related equitable claims." *Id.* at p. 9.

The Court finds that the relief sought would in fact have "the effect of staying a pending court proceeding." *Phillips*, 894 F.2d at 131-32. This finding is consistent with orders from other sections of this court presented with similar facts. *See, e.g.*, *Winch*, 2026 WL 205630, at *2-4 (denying motion seeking injunction enjoining mortgage foreclosure proceeding because "barring litigants from proceeding in a pending state-court action [] at least indirectly has the effect of staying a pending state court proceeding"); *Cheneau v. Bank of Am. NA*, No. CV 14-0384, 2015 WL 12564182, at *7-8 (E.D. La. Jan. 27, 2015) (denying motion seeking preliminary injunction enjoining foreclosure proceedings in state court due to finding that AIA barred such an injunction and none of the "three, strictly construed exceptions" applied); *Allen v. LPP*, No. CIV.A. 13-6332, 2013 WL 6174680, at *1-2 (E.D. La. Nov. 21, 2013) (denying request for emergency injunctive relief to prevent state court from seizing and selling plaintiffs' property "[b]ecause the Anti-Injunction Act serves as a general prohibition on a federal court's ability to grant an injunction to stay proceedings in state court" and "[n]one of the Act's exceptions are even arguably applicable").

The Court further finds that none of the exceptions specified in the AIA applies in this case. Though Plaintiffs argue that the "necessary in aid of jurisdiction" exception applies, courts have interpreted this exception to be a narrow one, "finding a threat to the court's jurisdiction only where a state proceeding threatens to dispose of property that forms the basis for federal *in rem* jurisdiction, or where the state proceeding threatens the continuing superintendence by a federal

court, such as in a school desegregation case." *Cheneau*, 2015 WL 12564182, at *7 (quoting *State of Texas v. United States*, 837 F.2d 184, 186 (5th Cir. 1988)).

> In an *in rem* action, the "property alone [is] treated as responsible for the claims asserted by . . . the plaintiffs. The property itself . . . is the defendant ... and its forfeiture or sale is sought for the wrong . . .." In contrast, an *in personam* action "determines a defendant's personal rights and liabilities." . . . In *Philips*, the Fifth Circuit explained that "the mere fact that debts secured by real property are at issue in the dispute does not transform it into an *in rem* proceeding."

*Id.* (quoting *Phillips*, 894 F.2d at 132). The matter before the Court is an action for damages and equitable relief arising from alleged mortgage-servicing misconduct. Thus, it is an *in personam* action rather than an *in rem* action. The case also does not involve superintendence by a federal court. Accordingly, the narrowly construed "necessary in aid of jurisdiction" exception to the AIA does not apply, and the injunctive relief sought by Plaintiffs is barred by the AIA.

Plaintiffs further argue that the Court should invoke its "authority under the All Writs Act, 28 U.S.C. § 1651, to issue orders necessary or appropriate to aid the Court's jurisdiction and to prevent actions that would render the Court's rulings ineffectual or practically moot." R. Doc. 9, p. 9. The Court is not persuaded by this argument. The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The All Writs Act contains the same language as the second of the three exceptions in the Anti-Injunction Act, and the parallel 'necessary in aid of jurisdiction' language is construed similarly in both statutes." *Newby v. Enron Corp.*, 338 F.3d 467, 374-74 (5th Cir. 2003) (citing *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002)). Because the "necessary in aid of jurisdiction" exception of the AIA does not apply in this case, the All Writs Act cannot independently authorize Plaintiffs' requested relief.

Having found that the injunctive relief sought by Plaintiffs is barred by the AIA, the Court

need not consider whether Plaintiffs have carried their burden with respect to the four elements required for issuance of a temporary restraining order or preliminary injunction.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 9) is **DENIED**.

New Orleans, Louisiana, this 25th day of February 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE